UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SCOTT TUCKER,

    Defendant.
    _____/

File No. 1:09-CR-57

HON. ROBERT HOLMES BELL

## **OPINION**

On February 25, 2009, a federal grand jury indicted Defendant on four counts of violating the National Emissions Standards for Hazardous Pollutants ("NESHAP"), which governs the handling and disposal of asbestos, and three counts of violating the Toxic Substances Control Act ("TSCA"), which governs the handling and disposal of polychlorinated biphenyls ("PCBs"). (Dkt. No. 1.) The United States has filed this motion in limine to prevent Defendant from introducing certain evidence in connection with these charges. (Dkt. No. 38.)

### **I. Factual Background**

Defendant Scott Tucker is the president and owner of H & M Demolition. In January of 2005, H & M Demolition was hired to demolish a kiln-drying building at VKW Hardwoods in Wyoming, Michigan (the "VKW site"). The roof panels covering the kiln-drying building contained asbestos. In April of 2005, H & M Demolition was hired to

demolish a General Electric plant located in Holland, Michigan (the "GE site"). Oil inside of electric transformers and capacitors at the GE site contained PCBs. The charges against Defendant stem from Defendant's handling and disposal of the asbestos and PCBs at the VKW and GE job sites.

The United States has filed this motion in limine to preclude Defendant from introducing three categories of evidence: (1) evidence that Defendant was unaware of or misunderstood the regulations governing the handling and disposal of asbestos and PCBs; (2) evidence that the roof panels of the kiln-drying building were in an unstable condition and that pre-demolition removal would have presented a safety risk; (3) evidence that Defendant believed that he was not required to wet the asbestos after removing it because air temperatures were below thirty-two degrees Fahrenheit.

### III. Law and Analysis

*1. Ignorance or mistake of law as a defense*

The asbestos and PCB regulations that Defendant is charged with violating are detailed and arcane. The United States anticipates that Defendant will argue that he was not aware of or did not understand these regulations, and that Defendant will present evidence to this effect.

The asbestos regulations require that a defendant act "knowingly." 42 U.S.C. § 7413(c)(1). The PCB regulations require that a defendant act "knowingly" or "willfully." 15 U.S.C. § 2615(b). Courts have interpreted these provisions to require only that the

defendant have knowledge of the facts that constitute the offense, not that the defendant have knowledge of the regulation or knowledge that his actions were unlawful. *United States v. Int'l Materials & Chems. Corp.*, 402 U.S. 558, 565 (1971); *United States v. Buckley*, 934 F.2d 84, 88 (6th Cir. 1991); *see also U.S. v. Alghazouli*, 517 F.3d 1179, 1192 (9th Cir. 2008); *United States v. Ho*, 311 F.3d 589, 605-06 (5th Cir. 2002); *United States v. Weintraub*, 273 F.3d 139, 147 (2d Cir. 2001). This interpretation is consistent with the adage that ignorance of the law is not an excuse. *See Int'l Materials & Chems. Corp.*, 402 U.S. at 565.

Only relevant evidence is admissible. Fed. R. Evid. 402. Because Defendant's ignorance or mistake of law is not a defense, any evidence probative only of whether Defendant was ignorant of or misunderstood the law is not relevant or admissible.

*2. Safety concerns as a defense*

The asbestos regulations required that Defendant carefully lower asbestos-containing material to the ground before demolishing the kiln-drying building. The United States anticipates that Defendant will argue that he did not comply with this requirement because he was concerned about the stability of the panels and wanted to avoid disrupting them prior to demolishing the building, and that Defendant will introduce evidence to this effect.

Unless a demolition is ordered by a state or local government agency, *see* 40 C.F.R. § 61.145(a)(3), the structural instability of an asbestos-containing building is not, in itself, a defense to a defendant's failure to carefully lower asbestos-containing material to the ground. The demolition of the kiln-drying building was not state-ordered. However,

3

Defendant asserts in his motion to dismiss Counts I-IV of the indictment (Dkt. No. 46) that he plans to argue entrapment by estoppel as a defense to this charge. *See Tinsley v. United States*, No. 95-5564, 1997 WL 63156, at *4-6 (6th Cir. Feb. 12, 1997) (unpublished) (asserting that entrapment by estoppel is a defense that applies when the actions that form the basis for a criminal prosecution were taken because of a representation made by a governmental official). According to Defendant, a representative of the Michigan Department of Environmental Quality ("MDEQ") informed Defendant that he was authorized to demolish the building without first lowering all asbestos-containing material to the ground. Defendant argues that one reason he sought and received this authorization was because he was concerned about the safety risks associated with pre-demolition removal of the panels. Evidence that Defendant was concerned about the dangers of complying with the pre-demolition removal requirement is relevant to Defendant's claim that he sought and received permission to demolish the kiln-drying building before removing the asbestos-containing material, and it is therefore admissible.

3. *The air temperature as a defense*

The asbestos regulations required that Defendant wet asbestos-containing material to minimize harmful emissions. The United States anticipates that Defendant will argue that he did not comply with this requirement because the air temperature was below thirty-two degrees Fahrenheit, and introduce evidence to this effect.

If the air temperature during demolition is below thirty-two degrees, a demolition company is not required to wet asbestos-containing material *if and when the material is*

*stripped from the structure*. 40 C.F.R. 61.145(c)(7). However, an air temperature below the freezing point does not excuse a demolition company from having to wet asbestos-containing debris after removing it from the structure. 40 C.F.R. § 61.145(c)(6)(i). Defendant is charged with failing to wet the material after removal, not failing to wet the material while stripping it. The fact that the temperature was below thirty-two degrees is not a defense to this charge.

Only relevant evidence is admissible. Fed. R. Evid. 402. Because the air temperature is not a defense in this case, evidence that the air temperature was below thirty-two degrees Fahrenheit is not relevant or admissible.

## IV. Conclusion

Defendant's mistake or misunderstanding of the law is not a defense to any of the charges against him, and so evidence of such a mistake or misunderstanding is not relevant or admissible. Defendant's concerns about the stability of the roof panels are relevant to his claim of entrapment by estoppel, and so evidence of these concerns is admissible. The below-freezing temperature is not a defense to the charge that Defendant failed to wet the asbestos-containing material after removing it, and so evidence of the temperature is not relevant or admissible.

An order consistent with this opinion will be entered.


Dated: <u>December 9, 2009</u>  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE

5